Luis Felipe Casas Castrillon
A# 92-925-346
El Centro Detención Center
1115 N. Imperial Ave.
El Centro, CA 92243



# UNITED STATES DISTRICT COURT
## FOR THE
### SOUTHERN DISTRICT OF CALIFORNIA

Luis Felipe Casas Castrillon,

    Plaintiff.

**Vs.**

El Centro Detention Center, AKAL Security,
C. Howard Assistant Warden at CCA, Clover
Assistant Warden at CCA, Joe Easterling
Warden at CCA, Anthony J. Cerone INS
Custodian at CCA and Division of Immigration
health services (DIHS) Timothy Shack, et al.,

    Defendants.

Case No: '07 CV 2078 JM    CAB

## COMPLAINT

### JURISDICTION

1.     This action arises under ***Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,*** *403 U.S. 388 (1971).*

2.     Jurisdiction is conferred on this court by 28 U.S.C. § 1331.

1

3.    The Court has personal jurisdiction over the defendant because the alleged incidents occurred within the confines of this Court. Plaintiff, Luis Felipe Casas Castrillon was housed at San Diego Contract Detention Facility (CCA), sub contract with the Department of Homeland Security (DHS) and now he is in custody at El Centro Detention Center. Plaintiff is in custody for over six years for ICE.

## VENUE

4.    Venue is proper in the United States District Court, Southern District of California Pursuant to 28 U.S.C. §1391.

## PARTIES

5.    Plaintiff Luis Felipe Casas Castrillon is a citizen of Colombia. Plaintiff is currently detained at El Centro Detention Center with the Department of Homeland Security (DHS) within the confines of this court.

6.    Defendants Mrs. Shubert and Mr. Mann (AKAL supervisors), AKAL officers Mr. Flores A, Mr. Marquez, Mr. Luna C, Mr. Alvarez I, Tanory A, Mr. Hernandez, Mr. Tanory F, Mrs., Romero L, Mrs., Lopez D, Mr. Ramirez, Mrs. Villanueva, Mr. Macias A, Mr. Lopez # 138, Mr. Martinez J, INS captain Mr. Deleon, ICE supervisor Martinez, ICE officer Moore, Defendants should be considered an agent / employee of the (DHS) because they are acting under Federal guidelines or at the instruction of Federal Officials.

7.    Defendants Dennis R. James, Jack Weil and Jack Staton. Defendants should be considered an agent / employee of the (DHS) because they are acting under Federal guidelines or at the instruction of Federal Officials.

8.    Defendants INS Detention Center officers or ICE, AKAL security officers, Immigration Judges, CCA medical Dr. Luche and el Centro Medical Center are Dr. Paul Wetherrill, Dr. Demske and Dr. Been Defendants should be considered an agent / employee of the (DHS) because they are acting under Federal guidelines or at the instruction of Federal Officials.

9.    Defendant Clover (Assistant Warden) at (CCA) San Diego sub-contract with DHS. Defendant should be considered an agent / employee of the (DHS) because he is acting under Federal guidelines or at the instruction of Federal Officials.

10.    Defendant Howard (Assistant Warden) at (CCA) San Diego sub-contract with DHS. Defendant should be considered an agent / employee of the (DHS) because he is acting under Federal guidelines or at the instruction of Federal Officials.

11.    Defendant Joe Easterling (Warden) at (CCA) San Diego sub-contract with DHS. Defendant should be considered an agent / employee of the (DHS) because he is acting under Federal guidelines or at the instruction of Federal Officials.

12.    Defendant Anthony J. Cerone (INS Custodian) at CCA San Diego sub-contract with DHS. Defendant should be considered an agent / employee of the (DHS) because he is acting under Federal guidelines or at the instruction of Federal Officials.

## FACTS

13.    I am the Respondent in the instant matter.

14.    I am a national and citizen of Colombia.

15.    I started my custody in Immigration from August 07, 2001 until now at El Centro Detention Center.

16.    I was deprived of due of the process of law and effective assistance of counsel during substantial and critical portions of his immigration proceedings and appeals when he was

represented by a layperson posing as attorney; Immediately after the BIA's confirmation of the immigration judge's decision, plaintiff contacted a Mr. David Goldstein (a.k.a.; Harold Goldstein) an imposter attorney who had been soliciting business at the El Centro, California Detention Center in person and by mailing letters to detainees without counsel or with counsel. El Centro, California Detention Center did **Gross Negligence** with plaintiff because INS Detention Center officers, AKAL officers and Immigration Judges suppose to check any identification from any Attorney. I hired Mr. Goldstein when I was in custody at the El Centro Detention Center. *See* Appendix I attached hereto (Law Offices of David Goldstein Letter and Reports from Imperial Valley Press). I signed the form G-28 in Control visit Detention Center, before this my family paid to Mr. Goldstein one payment; $3000 for starting my case in District Court and after that one more payment of $2000 dollars for the request on a bond.

Mr. Goldstein advised plaintiff regarding post final-order of removal remedies such as: Habeas proceedings, appellate court review and bond. Plaintiff's Family retained Mr. Goldstein to represent him in Federal Court Proceedings.

Mr. Goldstein provided ineffective assistance of counsel to petitioner by (1) not filing review in Ninth Circuit Court Appeals, challenging the convictions are not a crimes Involving moral turpitude; (2) seeking cancellation of removal 240 (A) or 212(c) of the act, and (3) pretending to be a trained and licensed Attorney.

Mr. Goldstein filed the petition herein seeking habeas relief, bond pending the final determination of the habeas proceedings and application for stay removal. *See* Appendix II attached hereto (U.S. District Court Civil Docket and Irma E. Gonzales District Court Judge Decision).


17. Plaintiff has no access to counsel or legal materials in the El Centro Detention Center and San Diego, CCA; plaintiff is a layman. His family raised money and retained Mr. Goldstein, who happened to be imposter-attorney to represent plaintiff in Federal Courts. The family has no more funds to retain any other counsel at this time. Plaintiff is now depending on other detainees at El Centro Detention Facility to assist him in his proceedings.

The Law Library at the El Centro Facility and San Diego CCA does not contain current Criminal Court and Immigration case laws, self-help materials, annotated statutes and court rules, etc.

Law library must be adequate. <u>Bounds v. Smith</u>, 430 U.S. 817, 822 (1977). In <u>Bounds</u>, the court declared, in a post conviction context, that prisoners have a right of "adequate, effective, and meaningful" access to the court. (Id. At 822). "An incarcerated defendant may not meaningfully exercise this right to represent himself without access to law books, witnesses or other tools to prepared a defense". <u>Milton v. Morris</u>, 767 F. 2d. 1443, 1445 (9th Cir. 1985). Therefore, plaintiff is impeded from presenting his case with proper arguments.

18. January and February 2004, I was in SMU (Segregation Management Unit) or the Hole two times, for no reason. No charges were filed. <u>*See*</u> Respondent File El Centro Processing Center.

19. February 2004, I was coming from yard and going inside my barrack Bravo East, to my bunk. I found out personal property were missing. They continue violating my personal stuff many times and finally I asked the AKAL officer in charge, Mr. Nieblas. "Why is some of my stuff always coming up missing"? Mr. Nieblas said he did not know, I should ask his supervisor. Then I walked to AKAL supervisor Mrs. Shubert's office. AKAL officers Mr. Flores A., Mr. Marquez, Mr. Luna C. and five more officers, twisted my arms and put me down with handcuffs because I told them I needed to speak to your supervisor about my property. AKAL officers put me in processing; Later INS officer sent me back to Bravo East barrack again. Later that night when I was taking a shower I felt a lot pain in my arms, so I talked to AKAL officer between 7:15 PM to 8:00 PM. I asked him to call INS supervisor because I had a lot of pain in my arms.  INS supervisor said to AKAL officer to send me to his office. So I went to Mr. Gomez office, he asks me "did you go to medical after the incident?" I said no. Mr. Gomez said go right now to medical, I went to medical, the nurse gave me Ibuprofen; I've have the pain for months up till now. After this incident AKAL officer Mr. Nieblas was suspended for two weeks.

20. I sent a letter to INS Captain Mr. Deleon about the incident with the AKAL officers. Mr. Deleon did not respond.

21. After this complaint to INS, February 26, 2004, I got transferred to San Diego CCA.

22. When I was in San Diego CCA, they put three detainees per cell over eight-months period the also served bad food. Plaintiff now suffers from mental, psychiatric, discomfort, stress, tension, trauma, exposure to Respiratory and other infections until now.

23. February 2005, San Diego CCA I had an accident with my right knee. _See_ Appendix III attached hereto (Grievance Form Number M05-097. Signed for Dr. Luche). I was in crutches over four months. I was in medical many times and I went to outside hospital to have for right knee x-rayed. After the diagnosis Dr. Luche told me, I have problems with my tendons. Dr. Luche gave me Tramadol 50 Mg but San Diego CCA medical refuse to refill, I have a lot pain continuously on my knee until now.

24. September 2005, I was reclassified again. They change my level three to level two. In San Diego CCA facility, DN.

25. December 2005, I sent request to San Diego ICE in CCA to transfer me to El Centro, California. I got transferred a January 05, 2006.

26. 2006, El Centro medical center Dr. Paul Wetherill and Dr. Demske many times, I heared and felt discriminated and racist remarks from them.

27. 2006, _See_ Medical File El Centro Detention Center I was very sick with stones in my kidney it was very painful around 6: 30 AM to 7:00 AM, first watch, officer in charge in Lima barrack, Mr. Algen called AKAL supervisor Mr. Mann in he did not believe me I was put in holding area close to Kilo barrack around 20 minutes. Later he said they were going to call me later to Medical El Centro, California.

28. I was with pain the same day and all day. Around 5:45 PM. The pain was insupportable and I told the AKAL officer I need medical assistance. AKAL officer Mrs. Alderete escorts me to medical. I was in medical 6:00 PM to 7:00 AM at approximate. Dr. Been sent me back next day

in the morning to Lima barrack. They gave some medication for the pain and to sleep all night in Medical, El Centro, California.

29. After that I was with pain for days and the stone came out from my urine few days later. I sent a grievance form to complaint on medical. After this Dr. Duchesne called me to medical. Dr. Duchesne told me, he was going to talk with medical staff about my situation. Dr. Duchesne signed the grievance form. After all this I got fired from kitchen program worker because I was out two days. Cook. Mr. Jessie fired me. I have the stone as evidence.

30. November 2006, I got into an incident with another detainee. They put me in SMU. They charged me for fighting, I was threatened and defended myself. I spent 9 days in SMU. I was in the panel hearing for this incident and they treated me like dangerous criminal. I heared and felt discrimated and racist remarks. They are two officers from AKAL security; Mr. Alvarez I., Tanory A. and ICE officer Mr. Moore; after verdict: they told me you are guilty. Your levels change from level two to level three and you going to San Diego, CCA. They didn't press charges later, because I put grievance form to ICE. I gave the grievance form to ICE supervisor Mr. Gonzales V. ICE charged me late and ICE release me from SMU same day to Alpha South barrack.

31. I complaint about AKAL officer Mr. Hernandez to his Supervisor Mr. Espino about his rudeness, unprofessional and attitude with me in the law library, supervisor told me; he would speak to him.

32. February 2007, Law Library, AKAL officers, Mr. Tanory F. and Mr. Hernandez. They always threat me and abuse their power over me in law library in El Centro, California.

33. Once in the law library AKAL officer Mr. Tanory F. told me sign in over here, when I was using the computer already doing my legal work, I asked why. When I am not suppose to sign in because I was extra-time in the law library but I signed. Then a detainee from Jamaica comes few minutes later, AKAL officer Mr. Tanory F. did not ask him to sign. AKAL officer Mr. Tanory F. asked Jamaica detainee give his name, A# and bed #. When detainee was using in the

computer. So why did you do that to me, why didn't you say the same to him? He answered me because he put his name wrong. I told AKAL officer Mr. Tanory F. that's not right. I felt that their scolding severely inflicted mental and emotional harm.

34. After that AKAL officer Mr. Hernandez came to me. Told me not to take it personal when Mr. Tanory F. said that.

35. About AKAL officer Mr. Hernandez. He many times puts me down in front of detainees.

36. ICE supervisor Mr. Martinez come to see what I have all the time, it causes plaintiff mental suffering and he harasses respondent about property or personal stuff all the time.

37. December 2006 to January 2007, when I went to medical AKAL officers Mrs. Romero. L and Mrs. Lopez D. many times made harassments, and discriminated me, thus resulting to more traumas at Medical El Centro, California.

38. December 2006, I got fungus in my legs and infection in the right leg. I went to Dr. Been in medical for sick call; she said you would be all right. Use these medications and the pain is going to disappear but the fungus and infection never disappear. I ask for more medication they say every body has that. In Medical, El Centro, California.

39. AKAL officers Mr. Ramirez, Mrs. Villanueva and Captain Mrs. Shubert many times harass me when I'm sleeping at night or in the morning. I am waiting for them; they traumatized me, I ask for extra medication to sleep, from my psychiatrist. They continuously are doing the same with me. Mostly Captain Mrs. Shubert and AKAL officers never respect when I am sleeping approximate 1:00 AM to 4:00 AM. They're doing this to me on purpose.

40. March 17, 2007, AKAL officer Mr. Mendoza J. was in Platform Detention Center this day. Many times when coming from the yard or inside the barracks before and until now. I felt emotional harm and mental suffering from this AKAL officer.

41. March 18, 2007, AKAL Captain Mrs. Shubert and AKAL officer Ayala J. again doing the same with me in the morning approximates 4:00 AM, they woke me up.

42. March 19, 2007, AKAL officer Macias A. woke me up this is first time and second time AKAL officer Mrs. Villanueva send to another AKAL officer approximate one hour later to harass me again to my bunk; I was awake already so I saw them when they were coming through to my bunk. Next bunk#14, Mr. Tomas L. Herrera, A# 31-084-457 a detainee was woken up too and observed when AKAL officers were between our bunks and I told him now you believe me, he said yes.

43. March 24, 2007, AKAL Captain Mrs. Shubert continuously doing the same with me in the morning time on purpose.

44. March 25, 2007, another harassment; AKAL officer in charge Mr. Elgen R. Alpha South, Between 3:30 AM to 3:45 AM, different AKAL officer woke me up by making noises, Then approximately 5 minutes later ICE supervisor Mr. Martinez came to my bunk directly and I heard him writing something for about a minute close to my bunk, After this he went around inside the barrack and finally left. Approximately Three or five minutes later AKAL Captain Mrs. Shubert comes to my bunk directly, she saw me I was not sleeping. After this I cannot sleep again. They are doing this on purpose again to torment and traumatize me too.

45. AKAL officers and AKAL captain continuously until now doing harasses it causes to the plaintiff mental suffering and emotional harm.

46. April 2, 2007, about 3:10 AM, AKAL officers woke me up by making noises, then approximately 5 minutes later ICE supervisor Mr. Martinez and AKAL supervisor Mr. Tapia came to my bunk directly and then finally left. again plaintiff mental suffering and emotional harm. After all this two more ICE officers came to alpha south like 20 minutes later, one ICE lady officer pass close to my bunk but I was awake up already, after this I cannot sleep again.

47. April 06, 2007,Approximate 3:15 AM to 3:40 AM, AKAL officer Lopez #138 woke me up for no reason, trying to take out the towel from right side, then ask him why you doing this? He responds me because some body calls me to take out each towel. Plaintiff tell to AKAL officer call your supervisor because that's wrong, supervisor never came to me after this I cannot sleep again, approximate one hour later AKAL captain Shubert and AKAL officer Lopez #138 approximate 4:30 AM were between my bunk; before all this I put my towel back for the light. The towels for light permitted 10:00 PM to 6:00 AM from ICE.

48.  April 24, 2007, approximate 8:08 AM. I tell to AKAL officer Mrs. Martinez alpha south in charge, I need to go to law library then she calls to law library after she call she told me AKAL officer Mr. Martinez J. said law library is full. After all this 9:30 AM, I tried to go again to law library Mrs. Martinez call again to law library, Mr. Martinez responded send extra-time law library. When I was there I ask to AKAL Officer Meza. How many people were here this morning? He Answer me 15 people why Mr. Martinez J. lied   this morning And refuse to send me to law library this day.

49. April 27, 2007, approximate 11:40 AM AKAL officer Lopez #138 harass and provoke me when I was waiting for lunch time, I complain to AKAL captain Legler told me nobody is perfect.

50. Tomas Herrera A# 31-084-457 witnessed the harassment and Provoking jester of AKAL officer Lopez, Tomas Herrera comment to AKAL officer Lopez does you always harass detainee Casas, AKAL officer Lopez said that's what a lot people said I don't care.

51. May 7 and May 9, 2007. AKAL officer Martinez J. denied me to go to law library for extra-time.

52. June 08, 2007. ICE charged me with offences category 201-299 from the handbook, after this I was in panel hearing. No charges.

53. June 11, 2007. I got transfer el Centro to CCA San Diego, after this CCA put me in segregation for four days; cold food and no Shower. See. CCA inmate/detainee disciplinary report. <u>See</u>. Appendix IV.

54. September 24, 2007. Incident with AKAL officer Mrs. Romero in law library. <u>See</u>. Notice Charges (Plaintiff was in the panel hearing without charges) and Grievance. <u>See</u> Appendix V.

55.    As result of these unconstitutional actions by defendants, plaintiff has suffered:

    (1)    Plaintiff was denied his rights to freedom of speech.

    (2)    Plaintiff is suffering from serious mental stress, Psychiatric, discomfort, stress, tension, trauma, discrimination, racist remarks, harassments, emotional harm, infections until now and ineffective assistant of counsel in his immigration case.

    (3)    Plaintiff was denied his Constitutional Rights for due process.

    (4)    Plaintiff's case was denied by the Ninth Circuit Court because his "ineffective assistant of counsel". Denied on April 19, 2004, in <u>Casas-Castrillon v. Gonzales,</u> case No. 03-73037(9th Cir.), Cert. Denied, 544 U.S. 910 (2005).

    (5)    Federal Civil Rights 42 U.S.C. 1983.


# CAUSES OF ACTION

## First Amendment
## Freedom of Speech

**"Congress shall make no law respecting an establishment of religion,
Or prohibiting the free exercise therefore; or abridging the freedom of
Speech." U.S Const- Amend. I.**


## Fifth Amendment
## Due Process / Equal Protection Clause

**" No person shall ... be deprived of life, liberty, or property, without
due process of law." U.S. Const. Fifth Amendment.**


## Eight Amendment

**"Deliberate indifference and maliciously**

11

And sadistifically for the very purpose of causing harm"

### Fourteenth Amendment

**Wolf V. McDonnell (1974) 418 U.S. 539 [94 S. Ct. 2963; 41 L. Ed. 2d 935]; Superintendent v. Hill (1985) 472 U .S. 445 [105 S. Ct. 276; 86 L. Ed 356; Zimmerlee v. Keeney (9th Cir. 1987) 831 F. 2d 183.**

56.    The Supreme Court has recognized a ***Bivens*** cause of action arising from the Fifth Amendment's due process clause. *See **Davis v. Passman,*** 442 U.S. 228 (1979). *See also **Parratt v. Taylor**,* 451 U.S. 527, 543-44 (1981).

# PRAYER

57.    Wherefore plaintiff demands judgment against defendant(s), in the sum of $60,000,000,00 Sixty Million dollars and costs.

## JURY DEMAND

58.    Pursuant to Federal rule of Civil Procedure 38(b), Plaintiff Luis Felipe Casas Castrillon hereby demands a trial by jury as to all issues so triable.

October 23, 2007

Respectfully Submitted,

Luis Felipe Casas Castrillon
A# 92-925-346
El Centro Detention Center
1115 N. Imperial Ave.
El Centro, CA  92243

Luis Felipe Casas Castrillon

```
A# 92-925-346
El Centro Detention Center
1115 N. Imperial Ave.
El Centro, CA 92243-
Pro Se
```

UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

### " COMPLAINTS AND FEDERAL CIVIL RIGHTS SUIT, et al. "

## CERTIFICATE OF SERVICE

I, Luis Felipe Casas Castrillon, hereby declare under penalty of perjury that the foregoing is true and correct; I further certify that I am the above-entitled Plaintiff to the above matter and that on, October 23, 2007, I served a true copy of the above mentioned complaints upon the following person(s)[1]:

United States District Court
Southern District of California
880 Front Street 4290
San Diego, CA 92101-8900

U.S. Department of justice
United States Attorney General
10 Th and Constitutional Ave. N.W.
Washington, DC 20530

Karen. P. Hewitt, United States Attorney
Southern District of California
880 Front Street 6293
San Diego, CA  92101-8893

Luis Felipe Casas Castrillon
A# 92-925-346

---

[1] This Pro-Se filing is deemed filed upon delivery to prison authorities. See Fed. R. App.  25 (a)(c).  Houston v. Lack, 487 U.S. 266, 101 L. Ed. 245, 108, S. Ct. 2379 at 274, 275 (1988).

# Appendix I

# Law Offices of David Goldstein
### 3345 Newport Blvd., Suite 207
### Newport Beach, CA 92663
### Phone: (949) 675-2540   Fax: (949) 675-2597

---

To All Our Clients;

Thank you all, for making us one of the fastest growing, well respected criminal and immigration law practices in southern California. Because of our growth, we have hired new personnel, new lawyers, new research assistants and new paralegals (both English and Spanish speaking), to better server you. We are relocating to a bigger office.

We have changed our number from (626) 229-0303 to **(949) 675-2540.**

Those persons being detained in prisons, jails or other detention facilities should call our NEW TELEPHONE number between 5pm-7pm. During that time you will be able to speak directly to a lawyer.

If you are calling in regards to payment, court dates or your families have inquires, both English and Spanish assistants will help you and your families between 10am-5pm Monday-Friday. The lawyers will not be available during those hours.

*In regard to Immigration cases:*

In 1996, Congress enacted new and tough immigration laws, which made it impossible for a non-citizen, with certain serious felonies, including drug offenses, to stay in the United States. These persons must be deported. In addition, aliens who commit crimes, including misdemeanors, will most probably be deported.

These laws make an immigration attorney's job is almost impossible. However, over the last two years, The Supreme Court, as well as most of the federal appeals courts, have made rulings favorable to non-citizens facing deportation.

*In order for you to understand the rulings, a short explanation is required:*

An immigration court is not actually a court as defined in the United States Constitution, nor is an immigration judge actually a judge as defined by the United States Constitution. Why? Because, an immigration judge, is not appointed by the President of the United States. An immigration judge can be hired and fired anytime by the Attorney General of the United States.

Only those courts that have judges appointed by the President and who serve for life are considered constitutional courts. These constitutional courts can overrule an immigration judge or the B.I.A. if the properly filings are made by a person facing deportation. These constitutional courts are: *The U.S. District Courts in San Diego and Los Angeles and The Federal Court in San Francisco.*

# Imperial Valley Press

**THE SOURCE FOR NEWS**

GATEWAY TO IMPERIAL COUNTY

50 CENTS

**FRIDAY**
**FEBRUARY 14 2003**
ivpressonline.com

## No reprieve for detainees in lawyer scam?

By MICHAEL A. SALORIO
Staff Writer

The U.S. Immigration and Naturalization Service appears unwilling to grant any form of reprieve to detainees held in its El Centro service processing center who were represented by an alleged con artist posing as an immigration attorney who was arrested Tuesday in Las Vegas.

Harold D. Goldstein, 58, of Newport Beach was indicted Wednesday by a Santa Ana federal grand jury for allegedly making a false declaration to a court by swearing under oath or penalty of perjury that he was an attorney licensed to practice in California.

Goldstein was being moni-

> Harold D. Goldstein's recent alleged con game involved posing as an immigration attorney and represented clients in Los Angeles, San Diego and Imperial counties being detained by the INS.

tored by federal probation officials on supervised release as a result of a January 2000 mail fraud conviction, for which he received a 30-month federal prison sentence completed in March 2002.

Goldstein's documented con games include: an early 1970s commodities trading scheme conviction that lost 13,000 investors millions of dollars; a 1976 mail fraud conviction for selling $1 million in fake gold contracts; a

1983 bank scheme conviction that bilked $4 million from small businesses seeking loans; and a 1986 fraud conviction that cost clothing manufacturers nearly $1 million.

Goldstein's recent alleged con game involved posing as an immigration attorney and representing clients in Los Angeles, San Diego and Imperial counties being detained by the INS.

Goldstein      reportedly

charged clients $3,000 to $5,000 per case and several of his clients were deported.

Because Goldstein was not a licensed attorney, the motions and paperwork he filed on behalf of his "clientele" have been thrown out of court, thus his "clients" face the possibility of deportation after being bilked of thousands of dollars.

INS Public Information Officer Lauren Mack said typically the law allows no provision for granting relief to detainees such as Goldstein's "clients" whose immigration status has been jeopardized because of the fraud committed.

» See LAWYER/A5

# Phony lawyer arrested

## ›› TRACKED DOWN:
Harold D. Goldstein was taken into custody in Las Vegas.

By MICHAEL A. SALORIO
Staff Writer

LAS VEGAS — FBI special agents arrested a 58-year-old Newport Beach man here Tuesday morning who allegedly posed as an immigration attorney and represented scores of clients whose fates have become uncertain.

Harold D. Goldstein was indicted Feb. 5 by a federal grand jury in Santa Ana for making a false declaration to a court by swearing under oath or penalty of perjury that he was an attorney licensed to practice in California, states an FBI press release.

An investigation into the suspect's whereabouts was initiated after he failed to turn himself in to federal authorities last week as scheduled. The FBI was able to track Goldstein to Las Vegas based on information developed in the past few days and he was arrested without incident.

The release states: "At the time Goldstein was indicted, he was being monitored by the federal probation office on supervised release, a result of a mail fraud conviction in Jan-

›› See LAWYER/A6

## LAWYER: To be arraigned today

›› From Page 1

uary 2000 where he was sentenced to 30 months in federal prison, a term he completed in March 2002."

Goldstein's documented con games include: an early 1970s conviction involving a commodities trading scheme that lost 13,000 investors millions of dollars; a 1976 mail fraud conviction for selling $1 million in fake gold contracts; a 1983 conviction for a bank scheme that bilked $4 million from small businesses seeking loans; and a 1986 conviction for defrauding clothing manufacturers of nearly $1 million.

Goldstein's recent alleged con game involved posing as an immigration attorney and representing clients in Los Angeles, San Diego and Imperial counties being detained by the U.S. Immigration and Naturalization Service.

Eddie Ehteshami, 39, originally from Iran, who has been detained at the INS El Centro detention center for four months, said he has been able to find 68 detainees in the center who were being represented by Goldstein.

Goldstein reportedly charged clients $3,000 to $5,000 per case and several of his clients were deported. Other of his "clients" now face the possibility of deportation after having been bilked out of thousands of dollars.

The press release states Goldstein will appear before a federal magistrate in Las Vegas today.

›› Staff Writer Michael A. Salorio can be reached at 337-3441 or michaelsalorio@yahoo.com.

**Imperial Valley Press**
Feburary 12, 2003.

## LAWYER: Detainees in El Centro

›› From Page 1

"We have to move forward with the fact that they don't have valid petition requests. ... There is no provision in the law to grant them special privilege unless they are held as witnesses in a criminal case," said Macken.

Andrea Escobar of Brawley said she paid Goldstein $1,280 to represent her husband, Juan Carlos Escobar, a Honduran immigrant she met in March 2002 and married Sept. 25, 2002.

Andrea Escobar said her husband was held at the processing center during the first week of November for being an undocumented immigrant. She said she met Goldstein inside the center's waiting room, where the fake attorney was soliciting clientele.

"On the spot I gave him $500 cash and I got a receipt written on the back of a business card. I even translated for him because he didn't speak any Spanish. I thought I was so lucky that I had found him," said Andrea Escobar.

Goldstein was able to get Juan Carlos Escobar a 120-day visa in which the "attorney" was supposed to file the necessary paperwork to normalize the man's immigration status, but no such paperwork was ever filed. Juan Carlos Escobar now has until March 10 to file the paperwork or leave the country voluntarily.

If the paperwork has not been filed and the man remains in the country, he immediately will be deported and be denied any type of immigration status for the next 10 years.

"I don't think that's fair to us because we've struggled so hard and we didn't know he was a phony attorney. Even INS officials were fooled by him. They should give us an extension to let us make up all that hard work we put in," said Andrea Escobar.

Andrea Escobar, a cocktail waitress with three children to provide for, said there is no more money for her to hire a real attorney or even enough time to find one by the March 10 deadline.

"I just don't know what to do anymore. I don't want him to leave me. It's been so difficult lately," said Andrea Escobar.

Heather Imran of Kelowna, British Columbia, Canada, said her husband, whose name she asked remain unpublished for his safety, has been detained for 11 months pending a political asylum application.

Imran said Islamic extremists in Pakistan target Muslims who have received any Western academic training, especially physicians with specialized medical training.

Imran said her husband was targeted because he was trained as a thoracic surgeon in Scotland. He and a younger brother were reportedly beaten on Aug. 13, 2000, in Pakistan by extremists and fled to the United States a few days later for fear of being killed.

Imran said her husband had legally entered the Unites States and had been living in San Bernardino. Her husband had reportedly exhausted his allowable visa renewals and was waiting for his resident alien worker certification to be approved.

His visa expired in January 2002 and he was apprehended in April 2002 at a Border Patrol checkpoint in Imperial County. He was in Imperial County because he had visited a brother incarcerated at Calipatria State Prison.

Imran said her husband applied for political asylum as it was his only option for avoiding deportation.

"He'll definitely be killed the moment he walks back into Pakistan," said Imran.

Imran said her husband had retained the phony attorney for 10 months and paid him $3,200. She said she is worried her husband will be deported as the stay of deportation issued because of Goldstein's fake lawyering has been thrown out.

"All we're asking for is more time for us to find an attorney. Other attorneys don't want to take any of Goldstein's cases because they say it's a big mess. I've called 20 attorneys since this happened and no one wants to take the case," said Imran.

The woman said about 20 detainees being held in El Centro were "clients" of Goldstein and he represented upward of 70 detainees in total. The woman recounted that Goldstein solicited clients in the center's waiting room and even off-

"He said he would give us a lot better rate if we got him clients. Everyone was referring clients to him to get the lower rate," said Imran.

Both women are angered at the INS for allowing the type of legal solicitation performed by Goldstein in the center's waiting room. Goldstein reportedly also solicited clients by mailing flyers to detainees.

The woman wanted to know if the INS had any system in place to prevent the type of fraud Goldstein committed.

Mack said attorneys wanting to speak with detainees or clients held in any INS detention center must present a G-28 form on which the lawyer specifies which bar association he is a member of and also provides his bar number. If an INS official for some reason becomes suspicious of the information supplied on the G-28 form, the bar number is checked and additional identification is requested. If the matter is still not cleared up, then an investigation is launched.

Mack said there are aspects that are out of the INS's control when an attorney is conducting business at its centers. She pointed out the INS cannot keep an attorney from communicating with people in the waiting room.

Mack was unable to say if INS personnel ever became suspicious of Goldstein and investigated the information he provided on his G-28 form.

Goldstein's trickery was reportedly discovered after a real attorney employed at his "law office" became suspicious of him after Goldstein filed a motion seeking to change his own probation terms. The attorney then reported Goldstein to authorities.

Goldstein was arraigned Wednesday in a Las Vegas federal court, where he waived his identity hearing. He is awaiting return to California to await trial, said an FBI spokeswoman.

›› Staff Writer Michael A. Salorio can be reached at 337-3441 or michaelsalorio@yahoo.com



**FRIDAY**
RUARY 14 2003

essonline.com

# Appendix II

Docket as of January 24, 2005 7:12 pm                    Web PACER (v2.4)

---

# U.S. District Court

# Southern District of California (San Diego)

## CIVIL DOCKET FOR CASE #: 02-CV-2020

### Casas-Castrillon v. Thompson

Filed: 10/11/02
Assigned to: Judge Irma E Gonzalez
Referred to: Magistrate Judge Louisa S. Porter
Demand: $0,000
Nature of Suit: 540
Lead Docket: None
Jurisdiction: US Defendant
Dkt# in other court: None
Cause: 28:2241 Petition for Writ of Habeas Corpus

---

LUIS FELIPE CASAS-CASTRILLON
    petitioner

Luis Felipe Casas-Castrillon
A92-925-346
[COR LD NTC] [PRO SE]
1115 North Imperial Ave
El Centro, CA 92243

   v.

THOMPSON, Mr. Thompson,
Officer in Charge, INS
Detention Facility, El Centro
CA
    respondent

U S Attorney CV
(619)557-7122
[COR LD NTC]
U S Attorney CV
(See above)
[COR LD NTC]
U S Attorneys Office Southern
District of California
Civil Division
880 Front Street
Suite 6253
San Diego, CA 92101
(619)557-5662

---

# DOCKET   PROCEEDINGS

DATE    #        DOCKET    ENTRY

10/11/02 1        Petition Writ of Habeas Corpus by petitioner Luis Felipe
                  Casas-Castrillon (referred to Magistrate Judge Louisa S.
                  Porter); Receipt No/Amt of Fee: 87518/$5 (rxc)
                  [Entry date 10/11/02]

10/11/02 2        Emergency Ex Parte Application by petitioner Luis Felipe
                  Casas-Castrillon for order temporarily staying removal and
                  to grant hearing to make stay permanent pending review of
                  habeas petition. (jah) [Entry date 10/16/02]

10/11/02 3        Memorandum of Points and Authorities by petitioner Luis
                  Felipe Casas-Castrillon in support of emergency ex parte
                  application [2-1] (jah) [Entry date 10/16/02]

10/15/02 4        Order by Judge Napoleon A. Jones Jr. for Judge Irma E.
                  Gonzalez granting Petitioner's emergency ex parte
                  application for order temporarily staying removal and to
                  grant hearing to make stay permanent pending review of
                  habeas petition [2-1]; Final Order of Removal from USA for
                  Petitioner stayed pending, Hearing for Request for TRO set
                  for 10:00 on 10/22/02 before Judge Irma E. Gonzalez
                  (Request for TRO not on File as 10/15/02) (jah)
                  [Entry date 10/16/02]

10/18/02 5        Order by Judge Irma E. Gonzalez; Hearing date of 10/22/02
                  for petitioner's ex parte application for order temporarily
                  staying petitioner's removal is vacated; Stay of the Order
                  of Removal shall remain in place until resolution of habeas
                  petition; Respondent shall file response to petition by
                  11/15/02; Petitioner shall file a Traverse by 12/6/02;
                  Matter shall be taken under submission and decided w/o oral
                  argument. (jah) [Entry date 10/21/02]

11/5/02  6        Response in Opposition by respondent Thompson to request
                  for release on bond pending habeas proceedings. (jah)
                  [Entry date 11/18/02]

12/6/02  7        Traverse by petitioner Luis Felipe Casas-Castrillon to
                  petition [1-1] t/w attached P/A's and Exhibits (jah)
                  [Entry date 12/06/02]

12/19/02 8        Order Amending Briefing Schedule by Judge Irma E. Gonzalez;
                  Respondent shall have until 1/13/03 to file a response to
                  the merits of the petition; Petitioner may file
                  supplementary Traverse by 2/3/03 (jah) [Entry date 12/19/02]

1/3/03   9        Order by Judge Irma E. Gonzalez denying petitioner's
                  request for release on bond pending resolution of of his
                  habeas petition on the merits (cag) [Entry date 01/03/03]

1/13/03  10       Return to petition for Habeas Corpus by respondent (cag)
                  [Entry date 01/14/03]

63

| | | |
|---|---|---|
| 3/3/03 | 11 | Request by petitioner Luis Felipe Casas-Castrillon  for: continuance on due date for traverse (jrl) [Entry date 03/04/03] |
| 3/3/03 | 12 | Order by Judge Irma E. Gonzalez granting request for continuance for due date for trverse [11-1]; (ok per court to make dft pro se)  Traverse ddl continued to 3/21/03 (jrl) [Entry date 03/04/03] [Edit date 03/06/03] |
| 3/18/03 | 13 | DISCREPANCY ORDER by Judge Irma E. Gonzalez  accepting document: traverse from petitioner Luis Felipe Casas-Castrillon, document is to be filed nunc pro tunc to the date received (jrl) [Entry date 03/18/03] |
| 3/18/03 | 14 | Traverse by petitioner Luis Felipe Casas-Castrillon to petition [1-1] (jrl) [Entry date 03/18/03] |
| 3/21/03 | 15 | Ex parte Application by respondent Thompson re suggested order (jrl) [Entry date 03/21/03] |
| 3/21/03 | 16 | Order by Judge Irma E. Gonzalez granting respondent's application [15-1]; granting petitioner the option of returning to administrative proceedings; the Clerk of Court is instructed to remove David Goldstein as cnsl of record; record shall reflect that petitioner is now appearing in these proceedings in pro persona; petitioner shall have 30 calendar days from the date of this order to inform the court whether he wishes to pursue an administrative remedy; if petitioner does not respond w/in 30 calendar days court will take mater under submission and decide the petition based on the briefs that have been filed (jrl) [Entry date 03/21/03] [Edit date 03/24/03] |
| 6/17/03 | 17 | DISCREPANCY ORDER by Judge Irma E. Gonzalez  accepting document: supplemental brief from petitioner Luis Felipe Casas-Castrillon , non-compliance with local rule 15.1, document is to be filed nunc pro tunc to the date received (jrl) [Entry date 06/19/03] |
| 6/17/03 | 18 | Supplemental Brief Filed by petitioner Luis Felipe Casas-Castrillon; nunc pro tunc to 6/16/03 (jrl) [Entry date 06/19/03] |
| 7/1/03 | 19 | Order by Judge Irma E. Gonzalez setting schedule for supplemental briefing; govt to file a supplemental brief by 7/14/03 (jrl) [Entry date 07/01/03] |
| 7/15/03 | 20 | DISCREPANCY ORDER by Judge Irma E. Gonzalez  accepting document: supplemental return to petiton for writ of habeas corpus from respondent Thompson , non-compliance with local rule 15.1, document is to be filed nunc pro tunc to the date received (jrl) [Entry date 07/16/03] |
| 7/15/03 | 21 | Supplemental Answer to petition for Habeas Corpus by respondent Thompson; nunc pro tunc 7/14/03 (jrl) [Entry date 07/16/03] |
| 8/12/03 | 22 | Order  by Judge Irma E. Gonzalez; the court holds  that it |

64

lacks jurisdiction over the present petition; the court
however construes the petition as an appeal and trasfers
the case to the Ninth Circuit Court of Appeals pursuant to
28USC1631: Case transferred to the US District Court of
Appeals (andy) [Entry date 08/13/03]

8/29/03    23    DISCREPANCY ORDER by Judge Irma E. Gonzalez accepting
document: motion from petitioner Luis Felipe
Casas-Castrillon, non-compliance with local rule 5.1.j.4
and 7.1.f or 47.1.b.3, document is to be filed nunc pro
tunc to the date received (jah) [Entry date 09/02/03]

8/29/03    24    Notice of Motion and Motion by petitioner Luis Felipe
Casas-Castrillon to reconsider pursuant to FRCP,
[motion(s) referred to Judge Irma E. Gonzalez]; NUNC PRO
TUNC 8/28/03 (jah) [Entry date 09/02/03]

9/24/03    25    DISCREPANCY ORDER by Judge Irma E. Gonzalez accepting
document: motion to reconsider from petitioner Luis Felipe
Casas-Castrillon, non-compliance with local rule 7.1.e or
47.1.b.1, document is to be filed nunc pro tunc to the date
received (jah) [Entry date 09/24/03]

9/24/03    26    Notice of Motion and Motion by petitioner Luis Felipe
Casas-Castrillon to reconsider pursuant to FRCP 7.1(i),
[motion(s) referred to Judge Irma E. Gonzalez]; NUNC PRO
TUNC 9/19/03 (jah) [Entry date 09/24/03]

9/24/03    27    Memorandum of Points and Authorities by petitioner Luis
Felipe Casas-Castrillon in support of motion to reconsider
pursuant to FRCP 7.1(i) [26-1]; NUNC PRO TUNC 9/19/03 (jah)
[Entry date 09/24/03]

9/24/03    28    Declaration by petitioner Luis Felipe Casas-Castrillon re
motion to reconsider pursuant to FRCP 7.1(i) [26-1]; NUNC
PRO TUNC 9/19/03 (jah) [Entry date 09/24/03]

10/3/03    29    Order by Judge Irma E. Gonzalez denying motion to
reconsider pursuant to FRCP 7.1(i) [26-1], denying motion
reconsider pursuant to FRCP [24-1] (jah)
[Entry date 10/06/03]

1/24/05    30    DISCREPANCY ORDER by Judge Irma E. Gonzalez rejecting
document: petition for writ of habeas corpus from
petitioner Luis Felipe Casas-Castrillon, non-compliance
with local rule; Writ already on file in this case; Case is
termed; Petition returned to Petitioner t/w copy of this
Discrepancy Order, mailed on 1/24/05 (jah)
[Entry date 01/24/05]

---

## Case Flags:
## TERMED
## TRANSF

65

END OF DOCKET: 3:02cv2020

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/05/2005 10:02:42 | | | |
| PACER Login: | us4664 | Client Code: | |
| Description: | docket report | Search Criteria: | 3:02cv02020 |
| Billable Pages: | 5 | Cost: | 0.40 |

FILED

03 AUG 12 PM 3:37

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY G Scott    DEPUTY

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11   LUIS FELIPE CASAS-CASTRILLON,

12                                Petitioner,

13                     vs.

14

15   MR. C. THOMPSON, Officer in Charge, INS
     Detention Facility, El Centro, California

16

17                                Respondent.

18

Civil No.   02-CV-2020-IEG (POR)

**ORDER (1) HOLDING THAT THE
COURT LACKS JURISDICTION OVER
THE PETITION; (2) CONSTRUING
THE PETITION AS AN APPEAL OF A
FINAL ORDER OF REMOVAL; AND
(3) TRANSFERRING THE APPEAL TO
THE NINTH CIRCUIT COURT OF
APPEALS**

[Doc. No. 1.]

19   On January 3, 2003, Luis Felipe Casas-Castrillon ("Petitioner") filed a petition for a writ of

20   habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks review of a final order of removal issued

21   by an Immigration Judge on August 12, 2002, and affirmed by the Board of Immigration Appeals on

22   December 3, 2002. As more fully discussed below, the Court holds sua sponte that it lacks jurisdiction

23   over the petition. However, the Court also finds that the petition should be equitably construed as an

24   appeal of a final BIA determination and should be transferred to the Ninth Circuit Court of Appeals for

25   want of jurisdiction pursuant to 28 U.S.C. § 1631.

26                                **BACKGROUND**

27   Petitioner is a native and citizen of Colombia who attained lawful status in the United States

28   when he applied for temporary residence on May 4, 1988. (Mem. P&A in Supp. of Pet. at 2.)



ENTERED ON 

following requirements apply:

(1) Deadline

The petition for review must be filed not later than 30 days after the date of the final order of removal.

(2) Venue and forms

The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.

8 U.S.C. § 1252(b). However, §1252(a)(2)(C) adds a procedural complication. That subsection provides that, "[n]otwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in § 1182(a)(2)(A)(i)(II) [a crime involving moral turpitude], [or other enumerated offenses]."

The Supreme Court has determined that § 1252(b)(9) does not revoke the habeas jurisdiction of the district court. In I.N.S. v. St. Cyr, the Supreme Court held that the purpose of that subsection is "to consolidate 'judicial review' of immigration proceedings into one action in the court of appeals, but it applies only '[w]ith respect to review of an order of removal under subsection (a)(1).'" 533 U.S. 289, 313 (2001) (quoting 8 U.S.C. § 1252(b)). "Accordingly, this provision, by its own terms, does not bar habeas jurisdiction over removal orders *not* subject to judicial review under § 1252(a)(1)— including orders against aliens who are removable by reason of having committed one or more criminal offenses." Id. Finally, the Supreme Court noted that "judicial review" is distinct from habeas review and, therefore, that "§ 1252(b)(9) does not clearly apply to actions brought pursuant to the general habeas statute, and thus cannot repeal that statute either in part or in whole." Id. at 314. The Supreme Court also noted that preserving habeas jurisdiction was important because the question of law raised under § 1252 could not be answered in another judicial forum. Id.

The Ninth Circuit has also addressed the extent to which § 1252 affects both the circuit courts' jurisdiction on direct review and the district courts' jurisdiction to consider a habeas corpus petition. Relying in part on the St. Cyr opinion, the Ninth Circuit has held that, as a general matter, "jurisdiction over constitutional issues and statutory issues [involving final orders of removal] is withdrawn from the courts of appeals and that the place to resolve such issues is in the district courts through habeas

1 | Petitioner's application for lawful temporary residence was granted on April 17, 1989, and he became

2 | a permanent resident on September 18, 1990. (Id.) On August 8, 2001, petitioner was given notice

3 | of removability from the United States as a result of two prior criminal convictions. Petitioner had

4 | previously been convicted of second degree vehicle burglary, a violation of California Penal Code §459,

5 | on January 26, 1993, and was sentenced to 180 days in prison. Petitioner sustained a second conviction

6 | for violation of California Penal Code §459 on May 4, 2000. At that time, he received a three-year

7 | sentence for this conviction. (Id.) On January 16, 2002, the Immigration Judge determined that

8 | petitioner's convictions were crimes involving moral turpitude that rendered him ineligible for statutory

9 | relief pursuant to 8 U.S.C. §1182(c) (INA §212(c)). (Id.) Because crimes of moral turpitude stop the

10 | accrual of years of continuous residence in the United States under 8 U.S.C. §1227(a)(2)(A)(ii) (INA

11 | §237), the Immigration Judge found that petitioner had not acquired the five years of lawful residence

12 | necessary to be eligible for cancellation of removal. (Id.) Petitioner and the government now disagree

13 | over whether his 1993 conviction is a crime of moral turpitude. (Compare Pet's Supplemental Traverse

14 | at 10-11 with Resp's Supplemental Return at 4.)

## DISCUSSION

### I.    Jurisdiction

16 |

17 | Before a court has the power to speak on the merits of a particular case, it must have

18 | jurisdiction to do so. See Marbury v. Madison, 5 U.S. (1 Cranch) 137, 165 (1803). Neither the

19 | government nor the petitioner contest this Court's jurisdiction. Nonetheless, the Court must determine

20 | whether it has jurisdiction and will do so sua sponte.

21 | Review of final orders of removal is governed by 8 U.S.C. § 1252(b)(9), which states: "Judicial

22 | review of all questions of law and fact...arising from any action taken or proceeding brought to remove

23 | an alien from the United States under this subchapter shall be available only in judicial review of a final

24 | order under this section." Section 1252 also establishes that "[j]udicial review of a final order of

25 | removal . . . is governed only by chapter 158 of Title 28, except as provided in subsection (b) of this

26 | section . . . ." 8 U.S.C. § 1252(a)(1). Section 1252(b), in turn, describes the required procedure for

27 | review of a final order of removal:

28 | With respect to review of an order of removal under subsection (a)(1) of this section, the

1   corpus." <u>Cedano-Viera v. Ashcroft</u>, 324 F.3d 1062, 1069 (9th Cir. 2003). However, the <u>Cedano-Viera</u>

2   court recognized that the Ninth Circuit has jurisdiction to determine whether an alien charged as

3   removable by the INS because of an offense listed in §1252(a)(2)(C) was actually convicted of a

4   qualifying offense.  <u>Id.</u> at 1065 ("However, a 'narrow exception' exists that allows us to determine

5   whether Cedano-Viera is actually removable; in other words, we may decide whether we have

6   jurisdiction."). Petitioner has been found removable under 8 U.S.C. §1182(a) for two crimes of moral

7   turpitude, and he presently challenges this determination.  As stated previously, the Ninth Circuit has

8   held that it has jurisdiction to determine the threshold question of whether an alien's crimes fall under

9   the crimes listed in §1252.  Because another judicial forum exists to resolve petitioner's appeal, this

10  habeas Court does not have proper jurisdiction under <u>St. Cyr</u> until petitioner has brought his challenge

11  to the Ninth Circuit and thereby exhausted all avenues of direct review.

12          However, the procedural history of this case[1] provides this Court with good cause to construe

13  the petition as an appeal and to transfer the case pursuant to 28 U.S.C. § 1631.  That provision

14  provides that "[w]henever a civil action is filed in a court...and that court finds that there is a want of

15  jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other

16  such court in which the action or appeal could have been brought at the time it was filed or noticed.

17  . . ."  In the interest of justice, the Court orders the case to be transferred to the Ninth Circuit for the

18  threshold determination of whether that court has jurisdiction.

19  ////

20  ////

21

22

23

24

25

26

27          [1]Petitioner was initially represented by David Goldstein, a layperson posing as an attorney, and petitioner
    contends Mr. Goldstein provided ineffective assistance of counsel for "not filing a review in the Ninth Circuit Court of
28  Appeals, challenging the convictions as moral turpitude [sic]." (Pet's Supp'l Traverse at 5:13-16.)

1

**CONCLUSION**

2      Accordingly, the Court **HOLDS** that it lacks jurisdiction over the present petition.

3  However, the Court construes the petition as an appeal and **TRANSFERS** the case to the Ninth

4  Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

5      **IT IS SO ORDERED.**

6

7  DATED: 8/11/03

8                                  IRMA E. GONZALEZ, Judge
                                   United States District Court

9

10  cc:    all parties

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Appendix III

Grievance No. ¶ 05-01

RECEIVED AUG 1 0 2005

Form 14-5A - For Official Use Only

## CCA INMATE/RESIDENT GRIEVANCE FORM

Name (Print): CASAS          LUIS          FELIPE
Last Name          First          Middle Initial

Number: 92425 366          Housing Assignment: DN/206

**INFORMAL RESOLUTION ATTEMPTED?** Yes _____          No _____

**NAME OF STAFF CONTACTED** _____

### STATE GRIEVANCE (Include dates/times, witnesses or data on incidents and any other information pertaining to this grievance subject. Attach additional pages if necessary)

I have on numerous accessions attempted to obtine "Proper medical attention on my Right knee. that was infured in February, 2005 with out success now I put medical Request august 4, 2005 until now they never calling to see the Doctor I have a lot pain in my knee and I put emergency in this moment I don't have medicine

### Requested Action

I'm Requesting at the very least medication Prior to NAPROXEN 500 mg has no effect on Pain, I am also Resubmitting my Others Request

Inmate/Resident's Signature: _____          Date Submitted: 8/9/05

### GRIEVANCE OFFICER'S REPORT

I HAVE EXAMINED MR. CASA'S KNEE, AND HIS MEDICAL CHART. I'VE EXPLAINED THAT TIME, NOT PILLS, WILL ULTIMATELY HEAL HIS KNEE. I AM PRESCRIBING ANOTHER PAIN MEDICINE FOR THE TIME BEING.

### GRIEVANCE OFFICER'S DECISION

GRIEVANCE CLOSED

Grievance Officer's Signature: _____          Date: 8/22/05

Inmate/Resident's Signature (upon request): _____          Date: 8/22/05

**APPEAL:** Yes _____ No _____          **STATE REASON (S) FOR APPEAL:** _____

_____

_____

_____

### WARDEN/ADMINISTRATOR'S RESPONSE

_____

_____

_____

Warden/Administrator's Signature: _____          Date: _____

Inmate/Resident's Signature (upon request): _____          Date: _____

Revised 02/01/02

# Appendix IV

# CCA INMATE / DETAINEE DISCIPLINARY REPORT

Form 15-2A

Inmate / Detainee's Name: CASAS Castrillon Louis Felipe

CCA #: 929253476   Other:

Offense # and Title: 209 Conduct which Disrupts, Rei Robert Ksallamos ICE

Date of Offense: 6/12/2007   Time of Offense: 1520

Location of Offense: El Centro Processing Center   #

Inmate / Detainee: Detained For: ICE

Description of Offense: On 6/10/07 at 1524 his unit housed at ICE detention Center in
El Centro (in ECC) Detainee CASAS was involved in a fight involving
Hispanic and Asia Detainees. The fight took place in Mira Barracks
An investigation and Hearing conducted by ECC investigation found
CASAS guilty of the above stated charges.

**(Use Continuation Sheet if Necessary)**

Staff Involved:

Inmates / Detainees Involved:

Reporting Employee's Name and Title: A Gomez Class Supervisor

Date & Time Prepared: 6/12/07   1600 Hrs

Employee's Signature: _____   Supervisor's Signature: _____

# ADVISEMENT OF RIGHTS:

By signing below, the accused indicates the rights they desire and is not an admission of guilt.

1. Does the accused wish to have a Staff Advisor? Yes ✓ No _____ If yes, Staff Advisor's name and title: Mr Dasillon Supervisor ICE

2. Does the accused wish to call voluntary witnesses to testify on their behalf? Yes _____ No ✓ If yes, name and case or arrest # of witnesses

3. Does the accused waive the right to a hearing? Yes _____ No ✓ If so, does the accused plead guilty to the charge? Yes _____ No ✓

4. Date set for hearing To Be Determined by the DHO

5. Does the accused wish to waive the right to 24 hours notice of charges? Yes _____ No ✓

Inmate's / Detainee's Signature _____

Accused Inmate / Detainee received a copy of report:

_____   6/13/03   15
Inmate / Detainee Signature   Date & Time

_____ Nunuwer   6/13/07
Staff Serving Notice of Charges   Date & Time

Revised 7/11/01   602605-3033

**Form 15-2C**

## DISCIPLINARY REPORT INVESTIGATION FORM

Inmate / Detainee Name and #: _Casas Castillon Luis Felipe # 92925346_

Date / Time of Incident: _6/12/2007   1520 hrs._

Date / Time Reported: _6/12/2007   1630 hrs._

Investigator: _SGT Mancilla_

Date & Time Investigation Begun: _____

Date & Time Investigation Ended: _____

RESULTS: _On 6/13/2007 at 0110 hrs / SGT Mancilla was assigned to investigate the charges brought upon detainee Casas Castillon #92925346 Detainee Casas _____ his ___ ___ ___ ___. He stated that he had no involvement ___ ___ ___ he was not moved at the barracks. He stated he was housed at Pima 3 ___. Casas received an copy of this report. His housing mates ___ ___ ___ stated that there were ___ ___ charges against him_

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____        _____ 6/13/07 _____

**Investigator**                          **Date:**

# Appendix V

U.S. Department of Homeland Security        SERVICE PROCESSING CENTER
Bureau of Immigration and Customs Enforcement        EL CENTRO, CA                    **Detainee Rights**

### Detainee Rights At the Institution Disciplinary Panel Hearing (IDP)

As a detainee charged with a prohibited act(s), you have been referred to the Institution Disciplinary Panel for disposition. While at the IDP hearing, you have the following rights:

1.      The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the IDP .

2.      The right to have a full time member of staff who is reasonably available to assist you before the IDP.

3.      The right to call witnesses and present documentary evidence in your behalf, provided institutional safety would not be jeopardized.

4.      The right to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act.

5.      The right to be present throughout the IDP decision, except during committee deliberations and where institutional safety would be in jeopardy.

6.      The right to be advised of the IDP decision in writing and the facts supporting the panel's decision, except where institutional safety would be jeopardized.

7.      The right to appeal the decision of the IDP by means of the Detainee Grievance Procedure to the Officer in Charge, within 15 days of the notice of the panel's decision and disposition.

**I hereby acknowledge that I have been advised of the rights afforded me at the Institution Disciplinary Panel hearing.**

Signed: _____ A-Number: _92- 925- 346_ Date: _9-24-07_

Notice of Rights given to the detainee by: ___S IEA Gonzalez V.___
                                            Staff Member and Date

---

**Refusal to Sign**

I have personally advised _____ of the rights afforded detainees at the Institution Disciplinary Panel hearing. The detainee refused to sign the acknowledgement.

Staff member and date: _____.

---

**Waiver of 24 hours Notice:**

I have been advised that I have at least a 24-hour notice prior to appearing before the IDP. At this time, I wish to waive this right and proceed with the IDP hearing.

Detainee Signature, Date, and Time:

_____

U.S. Department of Homeland Security    SERVICE PROCESSING CENTER    **Incident of Prohibited Acts and**
Bureau of Immigration and Customs Enforcement    EL CENTRO, CA    **Notice of Charges**

Detainee Name: _Casas, Luis_    A-Number: _92-925-346_

Nationality: _Colombia_    Date & Time of Incident: _09-24-07 @ 0918 hours_

Incident Location: _Library_    Work Assignment: _N / A_

Classification Level: _Level II_    Quarters: _Alpha North_

**PROHIBITED ACTS:**

1. _Insolence toward a staff member_    Code: _308_
2. _Lying or providing false statement to staff_    Code: _309_
3. _____    Code: _____
4. _____    Code: _____

**Description of Incident:** _Detainee mentioned above was insolence towards a staff member and when_
_questioned about he provided a false statement._

_____

_____

_____

_____

_____

_____

_____

Staff Witness?    ☒    N        Evidence Attached?    Y    N    ☒ NA

Use of Force?    Y    ☒ N        Supporting Memoranda?    ☒ Y    N    NA

_Capt. J. Lacuesta, S-168_        _09-24-07 @ 1020 hours_
Name of Reporting Officer        Date & Time        Signature

Reviewed for accuracy prior to investigation by: _____

Supervisor' Name        _9-24-07-1620_
        Date & Time

Incident Recorded on D.C.S.?    Y    Ⓝ        Classification Level Change?    Y    N

Level change from _____ To _____

Form No I-884 (02/08/00)

U.S. Department of Homeland Security     SERVICE PROCESSING CENTER     **Unit Disciplinary Committee**
Bureau of Immigration and Customs Enforcement     EL CENTRO, CA     **Report of Findings & Actions**

CASAS Luis          92-925-346          9-24-07

Name of Detainee          A-Number          Date of Incident

Place of Incident: Library          Prohibited Act(s) Code: 308-309

Committee Action: Comments to Committee from Detainee Regarding the above Incident: CASAS
STATED he Never Refused To Sign the Sign In Sheet
And That was Disrespected by AKAL OFFICER Romero.

It is the Finding of the Unit Disciplinary Committee That:

1. You Committed the Prohibited Act as Charged:  Code(s) 308-309
2. You Committed the Following Prohibited Act: Code(s) _____
3. You Did Not Commit a Prohibited Act as Charged: _____

Committee Findings Are Based on the Following Information: AKAL OFFICER Romero
Owns Two (2) Memos.

Committee Action:

[ ]     Waives IDP Hearing and Accepts the UDC's Sanction: _____

                                                                Name of Detainee
[✓]     Refer to IDP          Date & Time: 9-24-07 / 1620
[ ]     Loss of Privileges     [ ]     Loss of Job               [ ]     Quarter Changes
[ ]     Restrict to Dorm       [ ]     Remove from Program       [ ]     Reprimand
[ ]     Warning                [ ]     Confiscate Contraband     [ ]     Impound Personal Property

Comments: NONE _____

UDC Chairpersons Signature: _____

UDC Member's Signature: _____

UDC Time and Date: 9-24-07 / 1620

Form I-891 (02/08/00)

United States Department of Homeland Security
Bureau of Immigration and Customs Enforcement

**DETAINEE GRIEVANCE FORM**

*(A grievance must be filed within 5 days of original incident or issue)*

Grievance #_____

Detainee Name: _Luis CASAS_    A#_92925346_    Housing Unit: _A/N-50_

Complaint / Comments: _AKAL Officer MRS. RomERO, I Heard and felt Discriminated and Racist Remarks From Her. "SEE" Declaration_

Action requested by detainee: _MOVE AKAL officer MRS. Romero From law Library_

Detainee Signature:_____    Date / time:_9/27/07   11:00 AM_

Housing Unit Officer:_____    Date / time:_____

---

INFORMAL [X] Resolution is accepted by detainee: (to be completed within 24 hours and only if resolved prior to hearing)

This grievance has been informally resolved as follows:
_SIEA, Gonzalez AND SDDO, MATA, SPOKE WITH MR. CASAS. AT This point This issue is informALY Resolved. MR. MATA, will be TALKING To MR. HALEY AND AKAL SECURITY._

Detainee Signature: _X _____    Date / time: _9/27/07   3:00 PM_
Staff Member: _____    Date / time: _9-27-07  15:00_
Supervisory Review: _____    Date / time: _9-27-07  15:00_

---

**FORMAL** [ ] Informal Resolution is not accepted by detainee and the grievance has been assigned to the following Department for formal resolution: [ ] Deportation    [ ] Detention    [ ] Administration
**(Response to detainee within five (5) business days is required)**

Departmental Findings/Actions Taken: _____
_____
_____

Dep. Head:_____

Dep. Staff:_____    Dep. Staff:_____

Date of Findings:_____    Date Returned to Detainee:_____

---

*(Detainee return within five days of receipt and check the appropriate box)*

I would like this matter:

[ ]    Referred to the Detainee Grievance Committee (DGC).
[ ]    I agree with the resolution.

Detainee Signature: _____    Date / time: _____
Housing Unit Officer: _____    Date / time: _____

JS44
(Rev. 07/89)

**FILED**

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**I (a) PLAINTIFFS**

**Luis Felipe Casas Castrillon**

**DEFENDANTS**

**El Centro Detention Center**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Imperial
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**Luis Felipe Casas Castrillon**
**1115 N. Imperial Avenue**
**El Centro, CA 92243**
**A# 92-925-346**

**ATTORNEYS (IF KNOWN)**

'07 CV 2078 JM    CAB

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX**
(For Diversity Cases Only) **FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 USC 1331

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Electmant | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☒ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding
☐ 2 Removal from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

**DEMAND $**

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE _____ Docket Number _____

DATE    10/24/2007

SIGNATURE OF ATTORNEY OF RECORD