1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

11 | LUIS FELIPE CASAS CASTRILLON,

12 |                                              Plaintiff,

   |     vs.

13 |

14 | EL CENTRO DETENTION CENTER, et al.,

15 |                                              Defendants.

CASE NO. 07cv2078 JM(CAB)

ORDER CONSOLIDATING
ACTIONS; GRANTING LEAVE TO
PROCEED IN FORMA PAUPERIS;
DENYING MOTION FOR
APPOINTMENT OF COUNSEL

16

17

**Consolidation**

18      Plaintiff commenced the present Bivens action on October 24, 2007.  On November 29, 2007

19 Plaintiff commenced an identical action alleging the same claims, parties, and allegations as in the

20 above identified action.  The most recently filed case was assigned Civil Case No. 07cv2258

21 IEG(LSP).  Pursuant to the low-number rule, on January 10, 2008, the high-numbered action was

22 transferred to the undersigned.

23      The parties, and the Clerk of Court, are instructed to file all pertinent filings in the above

24 identified case.  The Clerk of Court is also instructed to place a copy of this order in the transferred

25 case, Civil Case No. 07cv2258 JM(LSP).

26 **Leave to Proceed In Forma Pauperis**

27      Plaintiff, currently in custody of the Department of Homeland Security, moves for leave to

28 prosecute this action without the prepayment of fees.  Plaintiff declares that he possess no source of

- 1 -                                                                      07cv2078

1  income or significant asset.  Consequently, the court grants Plaintiff leave to proceed <u>in forma</u>

2  <u>pauperis</u>.

3  **Motion for Appointment of Counsel**

4       The Constitution provides no right to appointment of counsel in a civil case.  <u>See</u> <u>Lassiter v.</u>

5  <u>Dept. of Social Services</u>, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district

6  courts are granted discretion to appoint counsel for indigent persons under "exceptional

7  circumstances." <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional

8  circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability

9  of the plaintiff to articulate [his or her] claims <u>pro se</u> in light of the complexity of the legal issues

10  involved.'  Neither of these issues is dispositive and both must be viewed together before reaching a

11  decision.'" <u>Id.</u> (quoting <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986)).

12       Here, it appears that Plaintiff has a sufficient grasp of his case, the legal issues involved, and

13  is able to adequately articulate the basis of his complaint.  The complaint adequately sets forth the

14  factual basis for his claims.  Further, the Motion is articulate, coherent, and demonstrates a

15  fundamental understanding of the issues.  Under these circumstances, the Court denies Plaintiff's

16  request for appointment of counsel because it is not warranted by the interests of justice.  <u>LaMere v.</u>

17  <u>Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987).

18       **IT IS SO ORDERED.**

19  DATED:  January 14, 2008

20  _____

21  Hon. Jeffrey T. Miller
    United States District Judge

22

23  cc:       All parties

24

25

26

27

28