# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS FELIPE CASAS CASTRILLON,<br><br>                              Plaintiff,<br>     vs.<br>EL CENTRO DETENTION CENTER, et al.,<br><br>                              Defendant. | CASE NO. 07cv2078 JM(CAB)<br><br>ORDER GRANTING MOTION TO DISMISS |

On February 11, 2009 the court granted Defendant C. Howard's motion to dismiss with 30 days leave to amend the complaint. (Docket No. 16). Plaintiff failed to file an amended complaint and Defendant C. Howard now moves to dismiss the complaint with prejudice under Rule 41(b) for failure to prosecute and to comply with the court's order. Plaintiff did not file an opposition to the motion.

Fed. R. Civ. P. 41(b) allows the court to dismiss a claim for failure to follow any court order, including failure to file an amended complaint within the period designated by the court. <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 986 (9th Cir. 1999). To determine if dismissal is appropriate, the looks to the five factor test outlined in <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992). The first and second factors, the public's interest in expeditious resolution of the lawsuit and the court's need to manage its docket, strongly weigh in favor of dismissal. The public's interest in expeditious resolution of litigation always favors dismissal. <u>Yourish</u>, 191 F.3d at 990. In addition, this case has come to a complete halt because of Plaintiff's inaction, allowing Plaintiff, not the court, to control the

1  pace of the proceedings. Ferdik, 963 F.2d at 1261. The third factor, risk of prejudice to the defendant,
2  strongly favors dismissal. A presumption of prejudice arises from unreasonable delay. Hernandez
3  v. City of El Monte, 128 F.3d 393, 401 (9th Cir. 1998). In addition, unnecessary delay increases the
4  risk that witnesses' memories will fade and evidence will become stale. Pagtalunan v. Galaza, 291
5  F.3d 639, 643 (9th Cir. 2002). The failure to prosecute diligently is sufficient by itself to justify a
6  dismissal, even in the absence of a showing of actual prejudice. In re Eisen, 31 F.3d 1447, 1453 (9th
7  Cir. 1994). In this case, delay caused by Plaintiff's failure to file an amended complaint strongly
8  weighs in favor of dismissal. The fourth factor, the public policy favoring disposition of cases on their
9  merits, weighs against dismissal. Defendant argues that this factor should weigh in favor of dismissal
10 as the parties have a responsibility to move towards disposition at a reasonable pace and to refrain
11 from dilatory tactics. In re Eisen, 31 F.3d at 1454. Defendant alleges that Plaintiff has completely
12 failed to prosecute the case after filing the initial complaint on October 24, 2007. (Mot. at 4:6-14).
13 Indeed, Plaintiff has often missed deadlines set by the court, and has failed to follow the rules for
14 proper filing. However, the policy favoring resolution on the merits "is particularly important in civil
15 rights cases." Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (reversing for abuse of
16 discretion a Rule 41(b) dismissal of a pro se litigant's 1983 action for failure to comply with court
17 order). The fifth factor, availability of less drastic alternatives, weighs against dismissal. Dismissal
18 is a harsh penalty, and should be used only in extreme cases of undue delay. Hernandez v. City of El
19 Monte, 128 F.3d 393, 401 (9th Cir. 1998).

20         Here, taking all factors into account, the court grants the motion to dismiss. Dismissal is
21 appropriate under Fed. R. Civ. P. 41(b) where at least four factors support dismissal or at least three
22 factors "strongly" support dismissal. Ferdik, 963 F.2d at 1261. First, Defendant would be severely
23 prejudiced by any further extension of time. In Bailey v. Cal. DOJ, 2008 US Dist. LEXIS 86934 at
24 *2 the court dismissed a claim for failure to timely file an amended complaint. This court noted that
25 the action in Bailey was nearly a year old, that there was no valid complaint against Defendant at the
26 time dismissal was requested, and that the case appeared no closer to resolution on the merits than it
27 was when filed. Id. This court emphasized the danger of severe prejudice to Defendant from this
28 delay. Id. In this case, the action was filed over a year and a half ago, alleging conduct occurring over

1   five years ago.  There are currently no valid claims alleged against Defendant.  Defendant is not even
2   named nor mentioned in the operative First Amended Complaint, filed on August 11, 2008.  In
3   addition, previous orders by this court were explicit as to the defects in Plaintiff's filings, yet Plaintiff
4   has failed to properly amend.  Thus, Plaintiff was on notice that his claims were deficient and at risk
5   of being dismissed.  While Plaintiff appears pro se and asserts civil rights claims, public policy
6   supports resolving the matter on the merits.  <u>Eldridge</u>, 832 F.2d at 1137.  However, this factor alone
7   does not overcome the weight of the other factors supporting dismissal.  Finally, Defendant did not
8   even bother to file an opposition to the motion.  Pursuant to Local Rule 7.1f(3)(c), the court considers
9   this as another factor favoring dismissal.

10  In sum, the court grants the motion to dismiss Defendant C. Howard as a party to this action
11  with prejudice.

12  **IT IS SO ORDERED.**

13  DATED:  August 28, 2009

14  _____
15  Hon. Jeffrey T. Miller
    United States District Judge

16  cc:         All parties